UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. _____
STATE COURT CASE NO.: 2021-CA-1620-ON

TIMOTHY BRANNON,
an Individual,

      Plaintiff,

vs.

CARGILL, INCORPORATED,
a Delaware Corporation, and
JOHN DOE, an Individual and
Agent of CARGILL,

      Defendants.

_____/

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Cargill, Incorporated ("Cargill"), removes to this Court a state court action that is styled *Timothy Brannon v. Cargill, Incorporated, et al.*, No. 2021-CA-1620-ON, pending in the Circuit Court for the Ninth Judicial Circuit in and for Osceola County, Florida (the "State Court Action"). As support, Cargill states the following:

### *Introduction*

1. On June 4, 2021, the plaintiff, Timothy Brannon ("Plaintiff"), instituted the State Court Action for damages he allegedly sustained as a result of falling through a metal grate installed on the premises of one of Cargill's facilities.

2.    Cargill was served with Plaintiff's Summons and Complaint on June 11, 2021 and thus, is well within the thirty-day removal period.  *See* 28 U.S.C. § 1446(b)(1).   A copy of the Service of Process Transmittal is attached as "**Composite Exhibit A**," in accordance with 28 U.S.C. § 1446(a).[1]

3.    The State Court Action is removable to this Federal Court as the Court has original diversity jurisdiction over the matter.  Plaintiff's allegations, coupled with his pre-suit demand and medical records, show that the amount in controversy far exceeds the minimum jurisdictional amount.  Also, the parties' citizenship is completely diverse: Plaintiff is domiciled in Florida, whereas Cargill is a Delaware corporation with its principal place of business in Minnesota.

### Nature of the State Court Action

4.    According to Plaintiff, the metal grate giving rise to Plaintiff's purported injuries is installed on the property of Cargill Animal Nutrition ("CAN"), Cargill's business in Kissimmee, Florida.  [Comp. Ex. A, Compl. & Demand Jury Trial ("*Complaint*" or "*Compl.*"), ¶¶ 8, 10]  Plaintiff alleges that at all relevant times, the grate "was obscured from view and was designed in such a way that an adult male's entire leg could slip through the grate, shearing the person's leg in the process . . . ."  [*Id.*, ¶ 8]  On or about June 29, 2020, Plaintiff alleges he was a "business invitee" at CAN; he was delivering rice meal to the property.  [*Id.*, ¶¶ 6, 8] Plaintiff alleges that, during the delivery and while on the property, he fell

---

[1] Copies of every other filing on the State Court Action docket that is required to be filed with this Notice are attached as part of "**Composite Exhibit B**."  M.D. Fla. L.R. 1.06(b).

through the subject grate.  [*Id.*, ¶ 8]  Plaintiff alleges that he sustained injuries to his legs, back, torso, and arms as a result of the fall.  [*Id.*]

5.      Count I of the *Complaint* asserts a claim for "PREMISES LIABILITY/NEGLIGENCE" against Cargill.  It claims that Cargill's "negligent maintenance" of the CAN premises created a "hidden danger" that was the direct and proximate cause of Plaintiff's injuries and resulting damages.  [*Id.*, ¶ 10]  More specifically, it is claimed that the grate is "defective and dangerous" and "presented [a] risk of invitees falling through" it.  [*Id.*]  Count I contends that: (i) Cargill placed the grate in a manner that caused it to become "obscure[d] . . . from the view of a person observing the PREMISES in a normal manner," and (ii) Cargill negligently failed to warn Plaintiff of the "hidden danger."  *Id.*

6.      Count I requests compensatory damages for Plaintiff's out-of-pocket expenses, such as costs for medical attention, and also for past and future pain and suffering.  [*Id.*, ¶¶ 11-12]

7.      Count II of the *Complaint* asserts a negligence claim against an unidentified John Doe individual defendant alleged to be an "Agent of CARGILL." [*Id.*, at 1 (caption)]  The theory for individual liability is similar to that asserted in Count I against Cargill, and the same compensatory damages are requested.  [*Id.*, ¶¶ 13-16]  The *Complaint* does not provide enough information for Cargill to conclusively determine who this alleged agent is, or on what basis Plaintiff is attempting to claim, for instance, that a Cargill employee could be individually responsible and liable for his injuries.  Additionally, the docket in the State Court

Action provides no indication that the unidentified individual has "been properly joined and served" in the action, 28 U.S.C. § 1446(b)(2)(A), particularly given that a summons directed to him has yet to be requested by Plaintiff or issued by the state court clerk.  [*See generally* Comp. Ex. B]

8.    The undersigned was advised by counsel for Plaintiff that he would have no objection to an enlargement of the period for Cargill to respond to his State Court Action up through and including July 13, 2021.  [*See id.*, Unopposed Mot. Enlargement Period Respond Compl., ¶ 5]  Therefore, Cargill has not filed an answer to the *Complaint* or otherwise responded to the State Court Action.  [*See generally id.*]  No proceedings beyond service of process upon Cargill have occurred in that action.  [*See id.*]  Plaintiff has served written discovery in the State Court Action in the form of interrogatories, request for production, and request for admission.  [*See id.*]  The deadline for Cargill's response to Plaintiff's discovery will not elapse before removal.

### *Legal Basis for Removal*

9.    The State Court Action is removable to this Court because diversity jurisdiction exists between the parties.  *See* 28 U.S.C. § 1441(a).  A federal district court has original jurisdiction over any civil action involving an amount in controversy in excess of $75,000 that is between "citizens of different States."  28 U.S.C. § 1332(a).  These criteria are satisfied here.

10.    The amount in controversy exceeds the minimum jurisdictional amount.  In addition to alleging that his action is "for damages in excess of

$30,000.00" [Comp. Ex. A, § 4], Plaintiff made a pre-suit demand for well over $75,000. [*See generally* Jan. 20, 2021, letter from A. Mangal to J. Fernholz (without attachments), attached hereto as "**Exhibit C**," at 7 (demanding $800,000)] Indeed, Plaintiff claims entitlement to compensation for "expenses, fees, and costs of medical care and attention," among other things. [Comp. Ex. A, Compl., ¶¶ 11-12] According to Plaintiff's own summary and the medical documents provided in support of his pre-suit demand, the "Total Medicals" of $79,707.40, alone, surpass the jurisdictional threshold by nearly $5,000. [Ex. C, at 7]

11.     The parties also have diverse citizenship. Plaintiff claims to be an individual residing in Florida. [Comp. Ex. A, Compl., ¶ 1] Therefore, he is a Florida citizen for diversity jurisdiction purposes. *See Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021) (stating that "a natural person is a citizen of the state in which he is 'domiciled'").

12.     The analysis for determining the citizenship of a corporation, like Cargill, for diversity jurisdiction purposes focuses on where the entity is incorporated as well as where the entity has its "principal place of business." *Helix Invs. Mgmt., LP v. Privilege Direct Corp.*, 364 F. Supp. 3d 1343, 1348 (M.D. Fla. 2019); *see also* 28 U.S.C. § 1332(c)(1). Plaintiff acknowledges that Delaware is Cargill's state of incorporation [Comp. Ex. A, Compl., ¶ 2], and public records confirm as much [*see* Office Minn. Sec'y State Business Record Details, attached hereto as "**Exhibit D**" (stating that Delaware is Cargill's "Home Jurisdiction")].

Cargill's principal place of business is located in the state of its headquarters: Minnesota.   [*See*  https://www.cargill.com/page/cargill-contact-us (last visited June 24, 2021)]; *see also  Leon v. First Liberty Ins. Corp.*, 903 F. Supp. 2d 1319, 1322-23 (M.D. Fla. 2012) (stating that under the "nerve center" test for determining a corporation's principal place of business for diversity jurisdiction purposes, "[t]he nerve center is normally the [corporation's] headquarters"). Accordingly, Cargill is a citizen of Delaware and Minnesota.  *See Helix*, 364 F. Supp. 3d at 1348.

13.    Based on the foregoing, this action may be removed to this Court pursuant to its original diversity jurisdiction.

Dated: July 9, 2021                         Respectfully submitted,

**AKERMAN LLP**

*/s/  Naim Surgeon, Esq.*
Naim Surgeon, Esq.
Florida Bar No. 101682
naim.surgeon@akerman.com
lauren.chang-williams@akerman.com
The Main Las Olas
201 East Las Olas Boulevard
Suite 1800
Fort Lauderdale, FL 33301
Phone:  (954) 463-2700
Facsimile:  (954) 463-2224

and

*/s/ Ta'Ronce Stowes, Esq.*
Ta'Ronce Stowes, Esq.
Florida Bar No. 107421
taronce.stowes@akerman.com

magda.cabra@akerman.com
The Main Las Olas
201 East Las Olas Boulevard
Suite 1800
Fort Lauderdale, FL 33301
Phone: (954) 463-2700
Facsimile: (954) 463-2224

*Attorneys for Defendant Cargill, Incorporated*

# COMPOSITE EXHIBIT "A"

 CT Corporation

**Service of Process Transmittal**
06/11/2021
CT Log Number 539719347

TO:     Kristin Mitchell
        Cargill, Incorporated
        15407 MCGINTY RD W OFC CENTER
        WAYZATA, MN 55391-2365

RE:     **Process Served in Florida**

FOR:    Cargill, Incorporated  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Timothy Brannon, etc., Pltf. vs. Cargill, Incorporated, etc. and John Doe, etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Plan/Order |
| **COURT/AGENCY:** | Osceola County Circuit Court, FL<br>Case # 2021CA1620ON |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 06/29/2020 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/11/2021 at 03:47 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Avnish K. Mangal<br>Mangal, PLLC<br>310 Almond St., #115<br>Clermont, FL 34711<br>352-995-9945 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/12/2021, Expected Purge Date: 06/17/2021 |
| | Image SOP |
| | Email Notification,  Kristin Mitchell  kristin_mitchell@cargill.com |
| | Email Notification,  Jenny Fernholz  jenny_fernholz@cargill.com |
| | Email Notification,  Brooke Tassoni  brooke_tassoni@cargill.com |
| | Email Notification,  Lori Leadstrom  Lori_Leadstrom@cargill.com |
| | Email Notification,  Molly Thornton  molly_thornton@cargill.com |
| | Email Notification,  Karen Kepler  karen_kepler@cargill.com |
| | Email Notification,  Susan Whitman  Susan_Whitman@cargill.com |

 **CT Corporation**

**Service of Process Transmittal**
06/11/2021
CT Log Number 539719347

**TO:**   Kristin Mitchell
Cargill, Incorporated
15407 MCGINTY RD W OFC CENTER
WAYZATA, MN 55391-2365

**RE:**   **Process Served in Florida**

**FOR:**   Cargill, Incorporated  (Domestic State: DE)

**REGISTERED AGENT ADDRESS:**   C T Corporation System
1200 South Pine Island Road
Plantation, FL 33324
877-564-7529
MajorAccountTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                 Fri, Jun 11, 2021

**Server Name:**          Joseph Marker

| Entity Served | CARGILL INCORPORATED |
|---|---|
| Case Number | 2021 CA 1620 |
| Jurisdiction | FL |



**PLEASE NOTE:**
☑ Received Poor Quality Document
☐ Received Document with Possible Missing Pages
☐ Cross-Complaint to Initial Complaint. This is <u>1</u> service

Date: _____   Time: _____

Filing # 128133699 E-Filed 06/04/2021 02:20:43 PM

Initials _____ ID# _____

## IN THE CIRCUIT COURT FOR THE NINTH JUDICIAL CIRCUIT
## IN AND FOR OSCEOLA COUNTY, FLORIDA
## CIVIL DIVISION

TIMOTHY BRANNON, an Individual,　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)　　No. 2021 CA 1620 ON
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
-vs-　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
CARGILL, INCORPORATED, a Delaware　　　　)
Corporation and JOHN DOE, an Individual and　　)
Agent of CARGILL,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Defendants.　　　　　　)

### SUMMONS

THE STATE OF FLORIDA

TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE

　　　　You are hereby commanded to serve this summons and a copy of the Complaint in this

action on Defendant:

　　　　　　　　**CARGILL, INCORPORATED**
　　　　　　　　CT CORPORATION SYSTEM
　　　　　　　　1200 S. Pine Island Road
　　　　　　　　Plantation, FL 33324

Page 1 of 3

Each defendant is required to serve written defenses to the complaint or petition on Avnish K. Mangal, Esquire, Plaintiff's attorney, whose address is 310 Almond St., #115, Clermont, FL 34711 within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.

If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

Witness my hand and seal of this Court on this ____9th____ day of ____June____, 20 21.

Kelvin Soto ~~~~~~~~~~~ nd County Comptroller
As Clerk of said Court

By: _____
As Deputy Clerk

Civil Division
2 Courthouse Square
Kissimmee, FL 34741

E-filed and dated on June 4, 2021.

> MANGAL, PLLC
> 310 Almond St., #115
> Clermont, FL 34711
> Phone: (352) 995-9945
> Fax: (407) 232-6960

> By: */s/ Avnish K. Mangal*
> **AVNISH K. MANGAL, ESQ.**
> Fla. Bar No. 1004174
> Attorney for PLAINTIFF
> E-mail: Team@LawByYourSide.com

**If you are a person with a disability who needs accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of a certain assistance. Please contact Osceola County Courthouse, 425 N. Orange Ave., Orlando, FL 32801, Ph. (407) 836-2050, within 2 working days of your receipt of this document. If you are hearing or voice impaired, call (800) 955-8771.**

Filing # 128133699 E-Filed 06/04/2021 02:20:43 PM

**IN THE CIRCUIT COURT FOR THE NINTH JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY, FLORIDA
CIVIL DIVISION**

| | |
|---|---|
| TIMOTHY BRANNON, an Individual, | ) |
| | ) No. _____ |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) |
| CARGILL, INCORPORATED, a Delaware | ) |
| Corporation and JOHN DOE, an Individual and | ) |
| Agent of CARGILL, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, TIMOTHY BRANNON ("PLAINTIFF"), by and through the undersigned attorney, sues Defendants CARGILL, INCORPORATED ("CARGILL") and JOHN DOE ("MR. DOE") (together, "DEFENDANTS"), demands a trial by jury, and complains as follows:

**GENERAL ALLEGATIONS**

1.  PLAINTIFF is an individual residing at 20891 Southeast 155th Street, Umatilla, FL 32784, in Lake County, Florida.

2.  CARGILL is a corporation organized and existing under the laws of the State of Delaware, having its registered office at CT Corporation System, 1200 S. Pine Island Road, Plantation, FL 33324, in Broward County, Florida, and having an office for the transaction of customary business at 1845 Ave A, Kissimmee, FL 34758, in Osceola County, Florida.

3.      MR. DOE is an individual believed to be residing in the State of Florida. The true name of MR. DOE is unknown to PLAINTIFF, who therefore sues such defendant by such fictitious name, and will amend this complaint to show his true name and capacity when ascertained. PLAINTIFF is informed and believes and thereon alleges that:

      a.      MR. DOE is negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages to PLAINTIFF as herein alleged; and

      b.      MR. DOE was an agent of CARGILL and, in doing the things alleged in this complaint, was acting in the scope of such agency and with the permission and consent of CARGILL.

4.      This is an action for damages in excess of $30,000.00 and is within the jurisdiction of this court.

## FACTUAL ALLEGATIONS

5.      On or about June 29, 2020, PLAINTIFF entered the premises known and described as Cargill Animal Nutrition, 1845 Ave A, Kissimmee, FL 34758 (the "PREMISES").

6.      PLAINTIFF was a delivery driver and his entry onto the PREMISES at that date and time was occasioned by PLAINTIFF delivering rice meal to CARGILL.

7.      At all times material to this litigation, CARGILL was in full possession and complete control of the PREMISES, in that CARGILL was the owner and only occupant of the PREMISES.

8.      While a business invitee on CARGILL's property, PLAINTIFF was seriously and permanently injured as a direct result of CARGILL's negligence and lack of due care, in that

CARGILL kept a hazardous and defective metal drain grate (the "DRAIN GRATE") on their grounds that posed serious risk of injury to invitees. More specifically, PLAINTIFF suffered severe injury to legs, back, torso, and arms as a result of falling through the DRAIN GRATE as it was installed on CARGILL's property. The DRAIN GRATE was obscured from view and was designed in such a way that an adult male's entire leg could slip through the grate, shearing the person's leg in the process and causing severe trauma to the individual. See pictures attached as Composite Exhibit "A" which depict the defect as it appeared.

## COUNT I – PREMISES LIABILITY/NEGLIGENCE AGAINST CARGILL

9.      PLAINTIFF realleges paragraphs 1 through 8 above as if reinstated verbatim herein.

10.     PLAINTIFF's injuries and consequent damages were the direct and proximate result of CARGILL's negligent maintenance of the PREMISES so as to create a hidden danger by installing the defective and dangerous DRAIN GRATE on the PREMISES that presented risk of invitees falling through, and by the arrangement of such DRAIN GRATE on the PREMISES so as to obscure the DRAIN GRATE from the view of a person observing the PREMISES in a normal manner; and negligent failure to warn PLAINTIFF of a hidden danger of which CARGILL knew, or should have known, but which was hidden from PLAINTIFF.

11.     As a further direct and proximate result of CARGILL's negligence and want of due and reasonable care, PLAINTIFF has incurred expenses, fees, and costs of medical care and attention to his injuries, including physician's fees; medications and medical supplies; hospitalization; transportation costs to and from various physician's offices and the hospital; and nursing services.

12.     As a further direct and proximate result of CARGILL's negligence and lack of due and reasonable care, PLAINTIFF has suffered great physical and mental pain, and will continue to suffer such pain for the indefinite future, for which PLAINTIFF should also be compensated by CARGILL.

## COUNT II – NEGLIGENCE AGAINST MR. DOE

13.     PLAINTIFF realleges paragraphs 1 through 8 above as if reinstated verbatim herein.

14.     PLAINTIFF's injuries and consequent damages were the direct and proximate result of MR. DOE's negligent maintenance and/or management of the PREMISES so as to create a hidden danger by allowing the installation and continued use of the defective and dangerous DRAIN GRATE on the PREMISES that presented risk of invitees falling through, and by the arrangement of such DRAIN GRATE on the PREMISES so as to obscure the DRAIN GRATE from the view of a person observing the PREMISES in a normal manner; and negligent failure to warn PLAINTIFF of a hidden danger of which MR. DOE knew, or should have known, but which was hidden from PLAINTIFF.

15.     As a further direct and proximate result of MR. DOE's negligence and want of due and reasonable care, PLAINTIFF has incurred expenses, fees, and costs of medical care and attention to his injuries, including physician's fees; medications and medical supplies; hospitalization; transportation costs to and from various physician's offices and the hospital; and nursing services.

16.     As a further direct and proximate result of MR. DOE's negligence and lack of due and reasonable care, PLAINTIFF has suffered great physical and mental pain, and will continue

to suffer such pain for the indefinite future, for which PLAINTIFF should also be compensated by MR. DOE.

## JURY DEMAND

WHEREFORE, PLAINTIFF demands a trial by jury and a judgment against DEFENDANTS for a sum within the jurisdictional limits of this Court, including but not limited to, damages, costs, prejudgment interest for any out-of-pocket expenses made by PLAINTIFF prior to entry of judgment, and any other relief this court deems appropriate against DEFENDANTS.

E-filed and dated June 4, 2021.

MANGAL, PLLC
310 Almond St., #115
Clermont, Florida 34711
Phone: (352) 995-9945
Fax: (407) 232-6960

By: */s/ Avnish K. Mangal*
**AVNISH K. MANGAL, ESQ.**
Fla. Bar No. 1004174
Attorney for PLAINTIFF
E-mail: Team@LawByYourSide.com

**COMPOSITE EXHIBIT "A"**





Filing # 128317033 E-Filed 06/08/2021 01:06:42 PM



IN THE COUNTY/CIRCUIT COURT OF
THE NINTH JUDICIAL CIRCUIT, IN
AND FOR ORANGE AND OSCEOLA
COUNTY, FLORIDA

IN RE: CIVIL CASE MANAGEMENT
PLAN AND ORDER

_____/

### STANDING CASE MANAGEMENT PLAN/ORDER
### (General Track)

      **PURSUANT TO** *In re: Comprehensive COVID-19 Emergency Measures for Florida Trial Courts*, **Fla. Admin. Order No. AOSC20-23 (Amendment 12) (April 13, 2021)**, and Ninth Judicial Circuit Court Administrative Order No. 2021-04 (collectively the "Case Management Administrative Orders"), this case is before the Court for case management. Based on the case type of the initial filing in this case, the Case Management Administrative Orders, and pursuant to Rule 2.545, Fla. R. Gen. Prac. & Jud. Admin., the Court hereby establishes a case management plan. It is hereby

      **ORDERED** that:

      1.    **COMPLIANCE WITH THIS CASE MANAGEMENT PLAN/ORDER:** The parties shall strictly comply with the terms of this Case Management Plan/Order, unless otherwise ordered by the Court. FAILURE TO COMPLY WITH ALL REQUIREMENTS OF THIS ORDER WILL RESULT IN THE IMPOSITION OF SANCTIONS. If the parties believe that an alternate plan is required or more appropriate, then the parties shall meet, confer and agree on a plan that complies with the time standards set forth in Rule 2.250, Fla. R. Gen. Prac. & Jud. Admin. The parties may submit an agreed upon plan to the division judge for consideration, or set the matter for a case management conference.

      2.    **ADDITIONAL NINTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:** All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the following: (i) **Amended Administrative Order Establishing the Ninth Judicial Circuit Court Circuit Civil Court Guidelines (AO 2012-03-01)**; (ii) **Amended Administrative Order Establishing the Ninth Judicial Circuit Courtroom Decorum Policy (AO 2003-07-02)** (iii) **Amended Administrative Order Establishing the Ninth Judicial Circuit Court County Civil Court Guidelines, Orange County (AO2017-04-01)** and (iv) **any division-specific guidelines that may be applicable**.

3.    **MODIFICATION OF THIS ORDER:**  The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion/stipulation <u>and</u> Court order in accordance with applicable law.

4.    **SERVICE OF THIS ORDER WITH INITIAL PROCESS:** Pursuant to the Case Management Orders, the Plaintiff shall file a copy of this Order in the case.  Any party serving an initial pleading (complaint, third-party complaint, etc.) in this case shall serve a copy of this Order together with initial service of process.

## CASE MANAGEMENT PLAN – GENERAL TRACK

*Note: All dates are to be calculated from the date of filing of the initial complaint unless otherwise noted.*

| | |
|---|---|
| Deadline for Service of Process: | 120 days |
| Deadline for Service of Process extended if not accomplished within 120 days: | 150 days, failing same, all unserved defendants are dismissed without prejudice |
| Deadline for Leave to Add Parties and Amend Pleadings: | Motions must be set for hearing and heard within 90 days from service on the last defendant, or deemed abandoned and denied |
| Motions to Dismiss, Motions for More Definite Statement, Motions to Strike and any objections to the pleadings: | Must be set for hearing and heard within 60 days from filing of the motion/objection, or deemed abandoned and denied. Non-movant shall timely submit a proposed order in the event the motion/objection is deemed abandoned and denied |
| Deadline for Completion of Fact and Expert Discovery: | 450 days (additional disclosure and discovery deadlines will be established by the Uniform Order Setting Pre-Trial and Trial in the case) |
| Pre-trial Motions, including Dispositive and *Daubert* Motions | Must be filed no later than 15 days after completion of discovery and heard no later than 7 days prior to the pre-trial conference, or deemed abandoned and denied |
| Mediation/Alternative Dispute Resolution | Within 30 days after completion of the depositions of all parties, counsel shall meet and confer regarding whether an early mediation would be productive to resolution of certain issues or the entire case. A final mediation shall occur no later than 30 days after completion of all discovery |

| Approximate Pre-Trial Conference: | 17 months |
| | *Actual Date to be set by Trial Order* |
| Approximate Trial Date: | 18 months |
| | *Actual date to be set by Trial Order* |

5. **NOTICES FOR TRIAL:** Within ten (10) days of the case being at issue as defined by Rule 1.440, Fla. R. Civ. P., the Plaintiff shall confer with opposing counsel/party regarding the anticipated length of trial and file a Notice for Trial. The Plaintiff shall forward a copy of the Notice for Trial to the Judicial Assistant at the Division email address noted on the Ninth Circuit website.

6. **DISCOVERY:** All counsel and unrepresented parties shall familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without court intervention whenever possible.

7. **SETTLEMENT:** *The case will not be removed from the docket until all documents necessary for closure of the case are filed with the Clerk and notification has been provided to the judicial assistant. A notice of settlement is not sufficient to remove the case from the trial docket.*

   **DONE AND ORDERED** in Orange/Osceola County, Florida.

   Chief Judge

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator in your county at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**ORANGE COUNTY:   Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303**

**OSCEOLA COUNTY:  Court Administration, Osceola County Courthouse, 2 Courthouse Square, Suite 6300, Kissimmee, Florida, (407) 742-2417**

REV 04/29/2021



# COMPOSITE
# EXHIBIT "B"

Filing # 128133699 E-Filed 06/04/2021 02:20:43 PM

**IN THE CIRCUIT COURT FOR THE NINTH JUDICIAL CIRCUIT**
**IN AND FOR OSCEOLA COUNTY, FLORIDA**
**CIVIL DIVISION**

| | |
|---|---|
| TIMOTHY BRANNON, an Individual,         ) | No. _____ |
|                           ) | |
|          Plaintiff,       ) | |
|                           ) | |
| -vs-                             ) | |
|                           ) | |
| CARGILL, INCORPORATED, a Delaware    ) | |
| Corporation and JOHN DOE, an Individual and ) | |
| Agent of CARGILL,              ) | |
|                           ) | |
|        Defendants.    ) | |
|                           ) | |
|                           ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

       Plaintiff, TIMOTHY BRANNON ("PLAINTIFF"), by and through the undersigned

attorney, sues Defendants CARGILL, INCORPORATED ("CARGILL") and JOHN DOE

("MR. DOE") (together, "DEFENDANTS"), demands a trial by jury, and complains as follows:

**GENERAL ALLEGATIONS**

       1.     PLAINTIFF is an individual residing at 20891 Southeast 155th Street,

Umatilla, FL 32784, in Lake County, Florida.

       2.     CARGILL is a corporation organized and existing under the laws of the State of

Delaware, having its registered office at CT Corporation System, 1200 S. Pine Island Road,

Plantation, FL 33324, in Broward County, Florida, and having an office for the transaction of

customary business at 1845 Ave A, Kissimmee, FL 34758, in Osceola County, Florida.

3.      MR. DOE is an individual believed to be residing in the State of Florida. The true name of MR. DOE is unknown to PLAINTIFF, who therefore sues such defendant by such fictitious name, and will amend this complaint to show his true name and capacity when ascertained. PLAINTIFF is informed and believes and thereon alleges that:

        a.      MR. DOE is negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages to PLAINTIFF as herein alleged; and

        b.      MR. DOE was an agent of CARGILL and, in doing the things alleged in this complaint, was acting in the scope of such agency and with the permission and consent of CARGILL.

4.      This is an action for damages in excess of $30,000.00 and is within the jurisdiction of this court.

## FACTUAL ALLEGATIONS

5.      On or about June 29, 2020, PLAINTIFF entered the premises known and described as Cargill Animal Nutrition, 1845 Ave A, Kissimmee, FL 34758 (the "PREMISES").

6.      PLAINTIFF was a delivery driver and his entry onto the PREMISES at that date and time was occasioned by PLAINTIFF delivering rice meal to CARGILL.

7.      At all times material to this litigation, CARGILL was in full possession and complete control of the PREMISES, in that CARGILL was the owner and only occupant of the PREMISES.

8.      While a business invitee on CARGILL's property, PLAINTIFF was seriously and permanently injured as a direct result of CARGILL's negligence and lack of due care, in that

CARGILL kept a hazardous and defective metal drain grate (the "DRAIN GRATE") on their grounds that posed serious risk of injury to invitees. More specifically, PLAINTIFF suffered severe injury to legs, back, torso, and arms as a result of falling through the DRAIN GRATE as it was installed on CARGILL's property. The DRAIN GRATE was obscured from view and was designed in such a way that an adult male's entire leg could slip through the grate, shearing the person's leg in the process and causing severe trauma to the individual. See pictures attached as Composite Exhibit "A" which depict the defect as it appeared.

### COUNT I – PREMISES LIABILITY/NEGLIGENCE AGAINST CARGILL

9.    PLAINTIFF realleges paragraphs 1 through 8 above as if reinstated verbatim herein.

10.    PLAINTIFF's injuries and consequent damages were the direct and proximate result of CARGILL's negligent maintenance of the PREMISES so as to create a hidden danger by installing the defective and dangerous DRAIN GRATE on the PREMISES that presented risk of invitees falling through, and by the arrangement of such DRAIN GRATE on the PREMISES so as to obscure the DRAIN GRATE from the view of a person observing the PREMISES in a normal manner; and negligent failure to warn PLAINTIFF of a hidden danger of which CARGILL knew, or should have known, but which was hidden from PLAINTIFF.

11.    As a further direct and proximate result of CARGILL's negligence and want of due and reasonable care, PLAINTIFF has incurred expenses, fees, and costs of medical care and attention to his injuries, including physician's fees; medications and medical supplies; hospitalization; transportation costs to and from various physician's offices and the hospital; and nursing services.

12.     As a further direct and proximate result of CARGILL's negligence and lack of due and reasonable care, PLAINTIFF has suffered great physical and mental pain, and will continue to suffer such pain for the indefinite future, for which PLAINTIFF should also be compensated by CARGILL.

## COUNT II – NEGLIGENCE AGAINST MR. DOE

13.     PLAINTIFF realleges paragraphs 1 through 8 above as if reinstated verbatim herein.

14.     PLAINTIFF's injuries and consequent damages were the direct and proximate result of MR. DOE's negligent maintenance and/or management of the PREMISES so as to create a hidden danger by allowing the installation and continued use of the defective and dangerous DRAIN GRATE on the PREMISES that presented risk of invitees falling through, and by the arrangement of such DRAIN GRATE on the PREMISES so as to obscure the DRAIN GRATE from the view of a person observing the PREMISES in a normal manner; and negligent failure to warn PLAINTIFF of a hidden danger of which MR. DOE knew, or should have known, but which was hidden from PLAINTIFF.

15.     As a further direct and proximate result of MR. DOE's negligence and want of due and reasonable care, PLAINTIFF has incurred expenses, fees, and costs of medical care and attention to his injuries, including physician's fees; medications and medical supplies; hospitalization; transportation costs to and from various physician's offices and the hospital; and nursing services.

16.     As a further direct and proximate result of MR. DOE's negligence and lack of due and reasonable care, PLAINTIFF has suffered great physical and mental pain, and will continue

to suffer such pain for the indefinite future, for which PLAINTIFF should also be compensated by

MR. DOE.

## JURY DEMAND

WHEREFORE, PLAINTIFF demands a trial by jury and a judgment against

DEFENDANTS for a sum within the jurisdictional limits of this Court, including but not limited

to, damages, costs, prejudgment interest for any out-of-pocket expenses made by PLAINTIFF

prior to entry of judgment, and any other relief this court deems appropriate against

DEFENDANTS.

E-filed and dated June 4, 2021.

MANGAL, PLLC
310 Almond St., #115
Clermont, Florida 34711
Phone: (352) 995-9945
Fax: (407) 232-6960

By: _/s/ Avnish K. Mangal_
**AVNISH K. MANGAL, ESQ.**
Fla. Bar No. 1004174
Attorney for PLAINTIFF
E-mail: Team@LawByYourSide.com

## COMPOSITE EXHIBIT "A"





Filing # 128317033 E-Filed 06/08/2021 01:06:42 PM



IN THE COUNTY/CIRCUIT COURT OF
THE NINTH JUDICIAL CIRCUIT, IN
AND FOR ORANGE AND OSCEOLA
COUNTY, FLORIDA

IN RE: CIVIL CASE MANAGEMENT
PLAN AND ORDER

_____/

## STANDING CASE MANAGEMENT PLAN/ORDER
### (General Track)

**PURSUANT TO** *In re: Comprehensive COVID-19 Emergency Measures for Florida Trial Courts*, **Fla. Admin. Order No. AOSC20-23 (Amendment 12) (April 13, 2021)**, and Ninth Judicial Circuit Court Administrative Order No. 2021-04 (collectively the "Case Management Administrative Orders"), this case is before the Court for case management. Based on the case type of the initial filing in this case, the Case Management Administrative Orders, and pursuant to Rule 2.545, Fla. R. Gen. Prac. & Jud. Admin., the Court hereby establishes a case management plan. It is hereby

**ORDERED** that:

1. **COMPLIANCE WITH THIS CASE MANAGEMENT PLAN/ORDER:** The parties shall strictly comply with the terms of this Case Management Plan/Order, unless otherwise ordered by the Court. FAILURE TO COMPLY WITH ALL REQUIREMENTS OF THIS ORDER WILL RESULT IN THE IMPOSITION OF SANCTIONS. If the parties believe that an alternate plan is required or more appropriate, then the parties shall meet, confer and agree on a plan that complies with the time standards set forth in Rule 2.250, Fla. R. Gen. Prac. & Jud. Admin. The parties may submit an agreed upon plan to the division judge for consideration, or set the matter for a case management conference.

2. **ADDITIONAL NINTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:** All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the following: (i) **Amended Administrative Order Establishing the Ninth Judicial Circuit Court Circuit Civil Court Guidelines (AO 2012-03-01)**; (ii) **Amended Administrative Order Establishing the Ninth Judicial Circuit Courtroom Decorum Policy (AO 2003-07-02)** (iii) **Amended Administrative Order Establishing the Ninth Judicial Circuit Court County Civil Court Guidelines, Orange County (AO2017-04-01)** and (iv) <u>**any division-specific guidelines that may be applicable**</u>.

3.    **MODIFICATION OF THIS ORDER:** The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion/stipulation and Court order in accordance with applicable law.

4.    **SERVICE OF THIS ORDER WITH INITIAL PROCESS:** Pursuant to the Case Management Orders, the Plaintiff shall file a copy of this Order in the case. Any party serving an initial pleading (complaint, third-party complaint, etc.) in this case shall serve a copy of this Order together with initial service of process.

### CASE MANAGEMENT PLAN – GENERAL TRACK

*Note: All dates are to be calculated from the date of filing of the initial complaint unless otherwise noted.*

| | |
|---|---|
| Deadline for Service of Process: | 120 days |
| Deadline for Service of Process extended if not accomplished within 120 days: | 150 days, failing same, all unserved defendants are dismissed without prejudice |
| Deadline for Leave to Add Parties and Amend Pleadings: | Motions must be set for hearing and heard within 90 days from service on the last defendant, or deemed abandoned and denied |
| Motions to Dismiss, Motions for More Definite Statement, Motions to Strike and any objections to the pleadings: | Must be set for hearing and heard within 60 days from filing of the motion/objection, or deemed abandoned and denied. Non-movant shall timely submit a proposed order in the event the motion/objection is deemed abandoned and denied |
| Deadline for Completion of Fact and Expert Discovery: | 450 days (additional disclosure and discovery deadlines will be established by the Uniform Order Setting Pre-Trial and Trial in the case) |
| Pre-trial Motions, including Dispositive and *Daubert* Motions | Must be filed no later than 15 days after completion of discovery and heard no later than 7 days prior to the pre-trial conference, or deemed abandoned and denied |
| Mediation/Alternative Dispute Resolution | Within 30 days after completion of the depositions of all parties, counsel shall meet and confer regarding whether an early mediation would be productive to resolution of certain issues or the entire case. A final mediation shall occur no later than 30 days after completion of all discovery |

| Approximate Pre-Trial Conference: | 17 months |
|---|---|
| | *Actual Date to be set by Trial Order* |
| Approximate Trial Date: | 18 months |
| | *Actual date to be set by Trial Order* |

5. **NOTICES FOR TRIAL:** Within ten (10) days of the case being at issue as defined by Rule 1.440, Fla. R. Civ. P., the Plaintiff shall confer with opposing counsel/party regarding the anticipated length of trial and file a Notice for Trial. The Plaintiff shall forward a copy of the Notice for Trial to the Judicial Assistant at the Division email address noted on the <u>Ninth Circuit website</u>.

6. **DISCOVERY:** All counsel and unrepresented parties shall familiarize themselves with the current edition of the <u>Florida Handbook on Civil Discovery Practice</u> and seek to resolve discovery issues without court intervention whenever possible.

7. **SETTLEMENT:** *The case will not be removed from the docket until all documents necessary for closure of the case are filed with the Clerk and notification has been provided to the judicial assistant. A notice of settlement is not sufficient to remove the case from the trial docket.*

    **DONE AND ORDERED** in Orange/Osceola County, Florida.

Chief Judge

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator in your county at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**ORANGE COUNTY:   Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303**

**OSCEOLA COUNTY:  Court Administration, Osceola County Courthouse, 2 Courthouse Square, Suite 6300, Kissimmee, Florida, (407) 742-2417**

REV 04/29/2021



**2021 CA 001620 ON - BRANNON, TIMOTHY vs. CARGILL, INCORPORATED**

📄 Print Summary (../DetailsPrint/3095880?digest=VwMvA+0KhGsGAp9fdA1JxQ)

📋 Summary  🕑 History  📄 Charges

Next ➡ (../Details/510092?digest=DUyBQaqz/gLca50Hwe4aKQ)

## ⊟ SUMMARY

| | | |
|---|---|---|
| **Judge:** | **Court Type:** | **Case Type:** |
| SCHREIBER, MARGARET H | CIRCUIT CIVIL | PREMISES LIABILITY COMMERCIAL-OTHER NEGLIGENCE |
| **Case Number:** | **Uniform Case Number:** | **Status:** |
| 2021 CA 001620 ON | 492021CA001620XXXXXX | OPEN |
| **Clerk File Date:** | **Status Date:** | **Waive Speedy Trial:** |
| 6/7/2021 | 6/7/2021 | ☐ |
| **Total Fees Due:** | **Custody Location:** | **Agency:** |
| 0.00 | | |
| **Agency Report Number:** | | **Foreclosure:** |

## ⊟ PARTIES

| TYPE | PARTY NAME | ATTORNEY |
|---|---|---|
| PLAINTIFF | BRANNON, TIMOTHY (/BenchmarkWeb/Party.aspx/Index/284557914?caseId=3095880&digest=Z7iSBASRRCFca2HXBRY0PQ) | 🖊 MANGAL, AVNISH (/BenchmarkWeb/Party.aspx/Index/284481571?caseID=3095880&attorney=True&digest=ZsSi0OklTeC5Z0b3KS1H8w) (Main Attorney) |
| DEFENDANT | CARGILL, INCORPORATED (/BenchmarkWeb/Party.aspx/Index/284557913?caseId=3095880&digest=vb5F1%2BD11x3Z5IC07rXZmQ) | 🖊 SURGEON, NAIM S (/BenchmarkWeb/Party.aspx/Index/284561723?caseID=3095880&attorney=True&digest=3hjnhsJsxg5yvKQzUrEX2Q) |

## ⊟ EVENTS

| DATE | EVENT | JUDGE | LOCATION | RESULT | |
|---|---|---|---|---|---|
| | | No Events on Case | | | |

## ⊟ OUTSTANDING AMOUNT

| COUNT | CODE | DESCRIPTION | ASSESSMENT | PAID | WAIVED | BALANCE | PAYMENT PLAN / JUDGMENT | DUE DATE |
|---|---|---|---|---|---|---|---|---|
| 1 | .CI | CIRCUIT CIVIL FILING | $400.00 | $400.00 | $0.00 | $0.00 | | |
| | | | | Total Outstanding: | | $0.00 | | |
| 1 | .SUMCA | SUMMONS CIRCUIT CIVIL | $10.00 | $10.00 | $0.00 | $0.00 | | |
| | | | | Total Outstanding: | | $0.00 | | |

## ⊟ RECEIPTS

| DATE | RECEIPT # | APPLIED AMOUNT |
|---|---|---|
| 6/10/2021 | 2021052270 | $410.00 |

## ⊟ CASE DOCKETS

| VIEWER | IMAGE | DATE | ENTRY |
|---|---|---|---|
| 📋 | 📄 4 | 6/30/2021 | CARGILL, INCORPORATED'S UNOPPOSED MOTION FOR ENLARGEMENT OF PERIOD TO RESPOND TO COMPLAINT |
| 📋 | 📄 6 | 6/24/2021 | PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, CARGILL, INCORPORATED |
| 📋 | 📄 2 | 6/24/2021 | NOTICE OF FILIGN FIRST INTERROGATORIES TO DEFENDANT, CARGILL, INCORPORATED |
| 📋 | 📄 2 | 6/24/2021 | NOTICE OF FILING PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT, CARGILL, INCORPORATED |
| 📋 | 📄 3 | 6/17/2021 | NOTICE OF APPEARANCE AND DESIGNATION OF PRIMARY AND SECONDARY E-MAIL ADDRESSES |
| 📋 | 📄 1 | 6/10/2021 | PAYMENT $410.00 RECEIPT #2021052270 |
| 📋 | 📄 3 | 6/9/2021 | SUMMONS ISSUED (EMAILED TO ATTY) |
| 📋 | 📄 3 | 6/8/2021 | GENERAL CASE MANAGEMENT ORDER |
| 📋 | 📄 2 | 6/8/2021 | DELIVERY / READ EMAIL CONFIRMATION TO ATTORNEY |
| | | 6/7/2021 | CASE FILED 06/07/2021 CASE NUMBER 2021 CA 001620 ON |
| 📋 | 📄 3 | 6/4/2021 | SUMMONS TO BE ISSUED |
| 📋 | 📄 7 | 6/4/2021 | COMPLAINT AND DEMAND FOR JURY TRIAL |
| 📋 | 📄 3 | 6/4/2021 | CIVIL COVER SHEET |

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>NINTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>OSCEOLA</u>   COUNTY, FLORIDA

<u>Timothy Brannon</u>
Plaintiff

Case # _____

Judge _____

vs.

<u>CARGILL, INCORPORATED</u>
Defendant

---

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☒ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☐ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☐ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
     ☐ Residential Evictions
     ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**     **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**     **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  1

**VI.**     **IS THIS CASE A CLASS ACTION LAWSUIT?**
     ☐ yes
     ☒ no

**VII.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
     ☒ no
     ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
     ☒ yes
     ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Avnish Mangal     Fla. Bar # 1004174
     Attorney or party     (Bar # if attorney)

Avnish Mangal     06/04/2021
  (type or print name)     Date

**IN THE CIRCUIT COURT FOR THE NINTH JUDICIAL CIRCUIT**
**IN AND FOR OSCEOLA COUNTY, FLORIDA**
**CIVIL DIVISION**

TIMOTHY BRANNON, an Individual,                    )
                                                   )
                                                   )        No. _____
                                Plaintiff,         )
                                                   )
                                                   )
-vs-                                               )
                                                   )
                                                   )
CARGILL, INCORPORATED, a Delaware                  )
Corporation and JOHN DOE, an Individual and        )
Agent of CARGILL,                                  )
                                                   )
                                                   )
                                Defendants.

**<u>SUMMONS</u>**

THE STATE OF FLORIDA

TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE

     You are hereby commanded to serve this summons and a copy of the Complaint in this

action on Defendant:

                  **CARGILL, INCORPORATED**
                  CT CORPORATION SYSTEM
                  1200 S. Pine Island Road
                  Plantation, FL 33324

Each defendant is required to serve written defenses to the complaint or petition on Avnish K. Mangal, Esquire, Plaintiff's attorney, whose address is 310 Almond St., #115, Clermont, FL 34711 within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.

If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

Witness my hand and seal of this Court on this _____ day of _____, 20___.

**Kelvin Soto**
As Clerk of said Court

By: _____
    As Deputy Clerk

Civil Division
2 Courthouse Square
Kissimmee, FL 34741

E-filed and dated on June 4, 2021.

MANGAL, PLLC
310 Almond St., #115
Clermont, FL 34711
Phone: (352) 995-9945
Fax: (407) 232-6960

By: */s/ Avnish K. Mangal*
**AVNISH K. MANGAL, ESQ.**
Fla. Bar No. 1004174
Attorney for PLAINTIFF
E-mail: Team@LawByYourSide.com

**If you are a person with a disability who needs accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of a certain assistance. Please contact Osceola County Courthouse, 425 N. Orange Ave., Orlando, FL 32801, Ph. (407) 836-2050, within 2 working days of your receipt of this document. If you are hearing or voice impaired, call (800) 955-8771.**

**Good morning/afternoon,**

**Our office is unable to issue your summons at this time. Please see explanation below:**

Effective 04/30/2021 please reference **AO 2021-04** to see if you are required to file a Case Management Plan/Order at the time of filing your new case.  For more information please visit the court's **Civil Case Management Program page**

Also, please make sure that you are watching all Small Claims cases that are filed. The above only applies to those cases that are PIP cases or those cases in which the Rules of Civil Procedure have been invoked.

**Joseph P. Rizzo**

| | |
|---|---|
| **From:** | Microsoft Outlook |
| **To:** | courtdocs@lawbyyourside.com |
| **Sent:** | Tuesday, June 8, 2021 11:50 AM |
| **Subject:** | Relayed: SERVICE OF COURT DOCUMENT – 2021 CA 001620 ON, BRANNON, TIMOTHY vs. CARGILL, INCORPORATED |

**Delivery to these recipients or groups is complete, but no delivery notification was sent by the destination server:**

courtdocs@lawbyyourside.com (courtdocs@lawbyyourside.com)

Subject: SERVICE OF COURT DOCUMENT – 2021 CA 001620 ON, BRANNON, TIMOTHY vs. CARGILL, INCORPORATED



SERVICE OF
COURT DOCUM...

1

## KELVIN SOTO, ESQ.
### CLERK OF THE CIRCUIT COURT & COUNTY COMPTROLLER
### OSCEOLA COUNTY, FLORIDA

Receipt Da        06/10/2021

Cashiered by Deputy Clerk: smon

Transaction  No.:101972918

**Receipt of Transaction**
**Number: 2021052270**

All cash transactions are final.  No refunds are permitted.
This transaction is subject to a final audit.

**Received From:**
MANGAL, AVNISH
4700 MILLENIA BLVD.
STE 175-91086
ORLANDO, FL  32839

**On Behalf Of:**
,

**CaseNumber   2021 CA 001620 ON**
**TIMOTHY BRANNON vs. CARGILL, INCORPORATED**

| Fee Description | Fee | Waived | Due | Paid | Balance |
|---|---|---|---|---|---|
| (.CI) CIRCUIT CIVIL FILING | $400.00 | $0.00 | $400.00 | $400.00 | $0.00 |
| (.SUMCA) SUMMONS CIRCUIT CIVIL | $10.00 | $0.00 | $10.00 | $10.00 | $0.00 |
| Total: | $410.00 | $0.00 | $410.00 | $410.00 | $0.00 |
| Grand Total: | $410.00 | $0.00 | $410.00 | $410.00 | $0.00 |

Comments:

**Payments**

| Payment Type | Reference | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|
| E-FILING | 128133699 | $410.00 | $0.00 | $0.00 | $0.00 | $410.00 |
| | Payments Total: | $410.00 | $0.00 | $0.00 | $0.00 | $410.00 |

Receipt # 2021052270
Transaction No.: 101972918
Form Version 2.006

2 Courthouse Square, Kissimmee, FL 34741
(407) 742-3500

Page 1 of 1

IN THE CIRCUIT COURT FOR THE NINTH JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY, FLORIDA
CIVIL DIVISION

CASE NO.: 2021-CA-1620-ON

TIMOTHY BRANNON, an Individual,

     Plaintiff,

vs.

CARGILL, INCORPORATED,
a Delaware Corporation, and JOHN DOE,
an Individual and Agent of CARGILL,

     Defendants.

_____/

## NOTICE OF APPEARANCE AND DESIGNATION OF PRIMARY AND SECONDARY E-MAIL ADDRESSES

Naim S. Surgeon, Esq. and Ta'Ronce Stowes, Esq. of the law firm Akerman LLP hereby give notice of their appearances as counsel on behalf of Defendant CARGILL, INCORPORATED, and request that copies of all orders, process, pleadings, and other documents filed or served in this matter be served on them via eService or at the address listed below, as appropriate. In compliance with Rule 2.516(b)(1)(A) of the Florida Rules of General Practice and Judicial Administration, Messrs. Surgeon and Stowes hereby designate the following primary and secondary e-mail addresses for eService:

Primary E-mail:    naim.surgeon@akerman.com
Secondary E-mail:  lauren.chang-williams@akerman.com

Primary E-mail:    taronce.stowes@akerman.com
Secondary E-mail:  magda.cabra@akerman.com

Dated: June 17, 2021

58673211;1

**AKERMAN LLP**

*/s/  Naim Surgeon, Esq.*
Naim Surgeon, Esq.
Florida Bar No. 101682
naim.surgeon@akerman.com
lauren.chang-williams@akerman.com
The Main Las Olas
201 East Las Olas Boulevard
Suite 1800
Fort Lauderdale, FL 33301
Phone:  (954) 463-2700
Facsimile:  (954) 463-2224

and

*/s/ Ta'Ronce Stowes, Esq.*
Ta'Ronce Stowes, Esq.
Florida Bar No. 107421
taronce.stowes@akerman.com
magda.cabra@akerman.com
The Main Las Olas
201 East Las Olas Boulevard
Suite 1800
Fort Lauderdale, FL 33301
Phone:  (954) 463-2700
Facsimile:  (954) 463-2224

*Attorneys for Defendant Cargill, Incorporated*

58673211;1

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of this document has been served via e-mail and/or the Florida Court e-filing Portal, using the names and e-mail addresses provided in accordance with Rule 2.516 (b)(1)(A) of the Florida Rules of General Practice and Judicial Administration, on June 17, 2021 upon the following:

AVNISH K. MANGAL, ESQ.
MANGAL, PLLC
310 Almond St., #115
Clermont, FL 34711
E-mail: Team@LawByYourSide.com
Phone: (352) 995-9945
Fax: (407) 232-6960

*/s/  Naim Surgeon, Esq.*
Naim Surgeon, Esq.

58673211;1

## IN THE CIRCUIT COURT FOR THE NINTH JUDICIAL CIRCUIT
## IN AND FOR OSCEOLA COUNTY, FLORIDA
## CIVIL DIVISION

| | | |
|---|---|---|
| TIMOTHY BRANNON, an Individual, | ) | |
| | ) | No.  2021 CA 001620 ON |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| CARGILL, INCORPORATED, a Delaware | ) | |
| Corporation, and JOHN DOE, an Individual | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

## NOTICE OF FILING PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT, CARGILL, INCORPORATED

Plaintiff, TIMOTHY BRANNON, ("PLAINTIFF"), by and through his undersigned counsel, pursuant to Fla. R. Civ. P. 1.370, hereby files this Request for Admissions and requests Defendant, CARGILL INCORPORATED ("CARGILL"), ("DEFENDANT"), to admit or deny the following within the time specified by said Rule.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically filed and served using the Florida Courts E-Filing Portal on June 24, 2021.

MANGAL, PLLC
310 Almond St., #115
Clermont, FL 34711
Phone: (352) 995-9945
Fax: (407) 232-6960


By:  */s/ Avnish K. Mangal*
**AVNISH K. MANGAL, ESQ.**
Fla. Bar No. 1004174
Attorney for Plaintiff
E-mail: CourtDocs@LawByYourSide.com

**<u>PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT, CARGILL,<br>INCORPORATED</u>**

1.     Admit the DRAIN GRATE (as defined in PLAINTIFF's Complaint, filed on June 4, 2020) by which PLAINTIFF was injured was in a defective, dangerous, or hazardous condition at time of the Subject Incident as described in PLAINTIFF's Complaint.

2.     Admit the DRAIN GRATE was installed defectively at or before time of the Subject Incident.

3.     Admit CARGILL has video footage of the accident having occurred.

4.     Admit but for CARGILL's negligent installation and/or maintenance of the DRAIN GRATE, PLAINTIFF would not have been injured.

5.     Admit CARGILL had managerial or supervisory staff on site at the time of the Subject Incident.

6.     Admit CARGILL had policies and procedures in place concerning the installation and/or maintenance of the DRAIN GRATE.

7.     Admit CARGILL employees are responsible for installation and/or maintenance of DRAIN GRATE.

8.     Admit CARGILL failed to mitigate damages by negligently handling PLAINTIFF's injuries.

9.     Admit CARGILL had policies, procedures, and/or instructions in place that, if followed, would have mitigated damages sustained by PLAINTIFF in the Subject Incident.

10.    Admit CARGILL replaced the DRAIN GRATE immediately after the Subject Incident.

11.    Admit CARGILL's act of replacing the DRAIN GRATE was an admission of the DRAIN GRATE being a hazard.

**IN THE CIRCUIT COURT FOR THE NINTH JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY, FLORIDA
CIVIL DIVISION**

| | | |
|---|---|---|
| TIMOTHY BRANNON, an Individual, | ) | |
| | ) | No.  2021-CA-001620-ON |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| CARGILL, INCORPORATED, a Delaware | ) | |
| Corporation, and JOHN DOE, an Individual | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

## <u>NOTICE OF FILING FIRST INTERROGATORIES TO DEFENDANT, CARGILL, INCORPORATED</u>

Plaintiff, TIMOTHY BRANNON, by and through his undersigned counsel, pursuant to Fla. R. Civ. P. 1.280 and 1.340, propounds the attached First Interrogatories to Defendant, CARGILL, INCORPORATED, and requests the same be answered separately and fully in writing under oath, within the time and manner prescribed by the Florida Rules of Civil Procedure.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically filed and served using the Florida Courts E-Filing Portal on June 24, 2021.

MANGAL, PLLC
310 Almond St., #115
Clermont, FL 34711
Phone: (352) 995-9945
Fax: (407) 232-6960

By: *<u>/s/ Avnish K. Mangal</u>*
**AVNISH K. MANGAL, ESQ.**
Fla. Bar No. 1004174
Attorney for Plaintiff
E-mail: CourtDocs@LawByYourSide.com

## **Definitions**

1. "You," "your," "yourself," "CARGILL," and/or "CARGILL's" means "CARGILL, INCORPORATED" its/their divisions, all wholly owned subsidiaries, agents, servants, attorneys, private investigators, employees, ex-employees, other representatives and other who are in possession of or may have obtained information for or on behalf of any of the aforementioned persons.

2. The "subject premises" and/or the "premises" means the CARGILL ANIMAL NUTRITION location located at 1845 Ave A, Kissimmee, FL 34758.

3. The "DRAIN GRATE" refers to the subject metal drain grate as defined in the complaint filed on June 4, 2021.

4. "Persons" means any individual, corporation, firm, association, partnership, joint venture or any other business or legal entity, agents or representatives.

5. "Supervisor" means the person designated by CARGILL to directly oversee, monitor, supervise, and/or manage the premises on a day-to-day basis, including the installation and maintenance of any and all equipment on the subject premises.

6. "Correspondence" means all letters, memoranda, notes or other writings prepared and/or delivered from or to Defendant, CARGILL, whether by mail, messenger or any other means. "Correspondence" also includes any notes, memoranda or other writings prepared by Defendant, CARGILL, relating to any telephone conversations, meetings, discussions, conferences or other dialogues.

7. "Document" means all written, reported, recorded graphic matter or correspondence, software, computer records, magnetic memory cards, account logs, inspections, surveys, reports, tests or examinations, rules, regulations, ordinances, guidelines, criteria or codes, plans or specifications, statements, memoranda, files, addenda, or bulletins, time records, progress schedules or change orders, job logs, job records or job schedules, draw or disbursement requests, contracts, subcontracts, notes for oral agreements or informal written agreements, drawings, videotapes or photographs however produced or

reproduced, now or any time in your possession, custody or control. The document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person or public or private entity having physical possession thereof. If a document required to be identified by these interrogatories was, but is no longer in your possession or subject to your control, state what disposition was made of it and the date or dates, or approximate date or dates, on which such disposition was made. If a document was transferred, given or delivered to another person, identify the person. Plaintiff references and incorporates the "Preamble" as stated above into this definition.

8.      "Identify" shall mean the following:

    a.    When used in reference to a person, identify refers to the following information: the person's name, present employer, present address, immediate supervisor, length of time employed by you, all titles or positions held with you since 1960, job description for each title or position and whether there exists a document describing such description.

    b.    When referring to a document, identify refers to the following information: Name of document, substance of document, the reasons the document was prepared, the date the document was prepared and executed, identification of the person or persons who prepared the document and identification of the present custodian of the document.

    c.    When referring to something other than a person or document, identify means to provide a description sufficient to distinguish the thing identified from other things of a similar nature.

9.      Whenever appropriate, the singular form of a word should be interpreted in the plural and vice versa.

10.      Whenever appropriate, the conjunctive term "and" should be interpreted in the disjunctive, to include the term "or" and vice versa.

11.     "Subject Incident" refers to the accident or incident that occurred on June 29, 2020, that is described in Plaintiff's Complaint.

### Privilege/Work Product Objections

If you object to any part of this discovery on the basis of a claim of attorney/client privilege, work product privilege or any other privilege, please comply with the provision of 1.280(5) Florida Rule of Civil Procedure by identifying the privilege claimed, as well as each statement or communication for which said privilege is claimed, and provide the following with respect to each such document, statement or communication.

1.     The date thereof;

2.     The nature of the document, statement, communication or thing not produced or disclosed (without revealing the actual information which is privileged or protected) in a manner that will enable other parties to assess the applicability of the privilege or protection;

3.     Identify all persons present, if an oral communication, or all persons who received a copy of such communication, if written or computerized; and

4.     The basis on which the privilege is claimed.

## FIRST INTERROGATORIES TO DEFENDANT, CARGILL, INCORPORATED

1.     What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.     Describe in detail how the incident described in the complaint happened, including any and all actions taken by you or an agent of the Defendant to prevent the incident, as well as a detailed description of the area in which the DRAIN GRATE was located.

3.     Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

4.     Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon

which your contention is based, and whether or not you have notified each such person or entity of your contention.

5.     List the names, addresses and telephone numbers of all persons who are believed or known by, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit (specify the subject matter about which the witness has knowledge). This interrogatory includes the names, address and contact information for any and all witnesses known to you.

6.     Please provide the names, address and contact information for the persons or company responsible for the installation or maintenance of the DRAIN GRATE as well as any persons or company responsible for the maintenance, security, and upkeep of the subject premises. Please describe the schedule, services performed, and instructions given to all personnel associated with any of these duties.

7.     Please provide the names, address and contact information for all employees and managers working on CARGILL's premises on the day of the Subject Incident

8.      Have you heard, or do you know about, any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement. This answer should include any statements, oral or written, made by the Plaintiff that are known to you.

9.      How many incidents have occurred upon the subject premises, during the five (5) years prior to the incident herein sued upon? State for five (5) years each incident alone, the names, addresses and telephone numbers of all persons who have claimed injuries as a result of the incidents, and for each such incident also state:

        a.   The date of each occurrence, the nature of injury alleged to have been suffered, whether the claimant contended in any manner that such occurrence was caused in whole or part by a dangerous or defective condition or any negligence of the Defendant on the subject premises;

    b.   Whether a lawsuit was filed, and if so, the case number and county where filed; and

    c.   Whether or not any written reports (including any incident report) of the Subject Incident were prepared, and if so, the name and address of the person preparing same.

10.    Since the Subject Incident, have any persons injured themselves on, or complained of, hazards on the subject premises, whether the DRAIN GRATE or otherwise?

11.    Please state whether any personal injury lawsuits, other than the one at issue, have been filed against Defendant within the past 5 years, and include the case number and county where each lawsuit was filed.

12.     Please state whether, prior to the subject incident, you transmitted any warning, of whatever nature or description, to Plaintiff in regard to his use or occupancy of the subject premises, including but limited to signs, cones, barricades, and/or verbal warnings. If so, please describe the nature of said warning, who transmitted the warning, and the contents of the warning in your answer.

13.     Please state all known information regarding the DRAIN GRATE, including, but not limited to, the date it was purchased, by whom it was purchased, the date it was installed, by whom it was installed, the make, model, and manufacturer, any warnings included pertaining to the installation and/or maintenance, and any other applicable information.

14.     Was the DRAIN GRATE removed and replaced after the Subject Incident? If so, please provide all known information about the new grate with which the DRAIN GRATE was replaced by, including, but not limited to, the date it was purchased, by whom it was purchased, the date it was installed, by whom it was installed, the make, model, and manufacturer, and any applicable other information.

PLEASE SIGN AND NOTARIZE UNDER OATH AS TO THE COMPLETENESS AND TRUTHFULNESS OF YOUR ANSWERS.

_____
Affiant


STATE OF FLORIDA            :
                                        :        SS:
COUNTY OF _____        :

I HEREBY CERTIFY,  on this day,  before me,  an officer duly authorized in the State and County aforementioned to take acknowledgments,  personally appeared, _____,  who is personally known to me or produced _____ as identification,  and who is the same individual described herein and who executed the foregoing and he/she acknowledged before me that he/she executed the same.

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 202___.


SEAL:                                  _____
NOTARY PUBLIC,
State of Florida

Case 6:21-cv-01135-PGB-DCI   Document 1   Filed 07/09/21   Page 63 of 85 PageID 63

**IN THE CIRCUIT COURT FOR THE NINTH JUDICIAL CIRCUIT**
**IN AND FOR OSCEOLA COUNTY, FLORIDA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| TIMOTHY BRANNON, an Individual, | ) | |
| | ) | No.  2021 CA 001620 ON |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| CARGILL, INCORPORATED, a Delaware | ) | |
| Corporation, and JOHN DOE, an Individual | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

## <u>PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, CARGILL, INCORPORATED</u>

Plaintiff, TIMOTHY BRANNON, by and through his undersigned counsel, pursuant to Fla. R. Civ. P. 1.280 and 1.350, hereby requests that Defendant, CARGILL, INCORPORATED ("CARGILL"), produce and permit the inspection and copying of the following documents within the time specified by said Rule:

### <u>Definitions</u>

1.      "You," "your," "yourself," "CARGILL," and/or "CARGILL's" means "CARGILL, INCORPORATED" its/their divisions, all wholly owned subsidiaries, agents, servants, attorneys, private investigators, employees, ex-employees, other representatives and other who are in possession of or may have obtained information for or on behalf of any of the aforementioned persons.

2.   The "subject premises" and/or the "premises" means the CARGILL ANIMAL NUTRITION location located at 1845 Ave A, Kissimmee, FL 34758.

3.      The "DRAIN GRATE" refers to the subject metal drain grate as defined in the complaint filed on June 4, 2021.

4.      "Persons" means any individual, corporation, firm, association, partnership, joint venture or any other business or legal entity, agents or representatives.

5.      "Supervisor" means the person designated by CARGILL to directly oversee, monitor, supervise, and/or manage the premises, and CARGILL's employees in the operation, installation, and maintenance of the subject premises.

6.      "Correspondence" means all letters, memoranda, notes or other writings prepared and/or delivered from or to Defendant, CARGILL, whether by mail, messenger or any other means.  "Correspondence" also includes any notes, memoranda or other writings prepared by Defendant, CARGILL, relating to any telephone conversations, meetings, discussions, conferences or other dialogues.

7.      "Document" means all written, reported, recorded graphic matter or correspondence, software, computer records, magnetic memory cards, account logs, inspections, surveys, reports, tests or examinations, rules, regulations, ordinances, guidelines, criteria or codes, plans or specifications, statements, memoranda, files, addenda, or bulletins, time records, progress schedules or change orders, job logs, job records or job schedules, draw or disbursement requests, contracts, subcontracts, notes for oral agreements or informal written agreements, drawings, videotapes or photographs however produced or reproduced, now or any time in your possession, custody or control.  The document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person or public or private entity having physical possession thereof.  If a document required to be identified by these interrogatories was, but is no longer in your possession or subject to your control, state what disposition was made of it and the date or dates, or approximate date or dates, on which such disposition was made.  If a document was transferred, given or delivered to another person, identify the person.  Plaintiff references and incorporates the "Preamble" as stated above into this definition.

8.    "Identify" shall mean the following:

    a.    When used in reference to a person, identify refers to the following information: the person's name, present employer, present address, immediate supervisor, length of time employed by you, all titles or positions held with you since 1960, job description for each title or position and whether there exists a document describing such description.

    b.    When referring to a document, identify refers to the following information: Name of document, substance of document, the reasons the document was prepared, the date the document was prepared and executed, identification of the person or persons who prepared the document and identification of the present custodian of the document.

    c.    When referring to something other than a person or document, identify means to provide a description sufficient to distinguish the thing identified from other things of a similar nature.

9.    Whenever appropriate, the singular form of a word should be interpreted in the plural and vice versa.

10.   Whenever appropriate, the conjunctive term "and" should be interpreted in the disjunctive, to include the term "or" and vice versa.

11.   "Subject Incident" refers to the accident or incident that occurred on June 29, 2020, that is described in Plaintiff's Complaint.

## Privilege/Work Product Objections

If you object to any part of this discovery on the basis of a claim of attorney/client privilege, work product privilege or any other privilege, please comply with the provision of 1.280(5) Florida Rule of Civil Procedure by identifying the privilege claimed, as well as each statement or

communication for which said privilege is claimed, and provide the following with respect to each such document, statement or communication.

1.      The date thereof;

2.      The nature of the document, statement, communication or thing not produced or disclosed (without revealing the actual information which is privileged or protected) in a manner that will enable other parties to assess the applicability of the privilege or protection;

3.      Identify all persons present, if an oral communication, or all persons who received a copy of such communication, if written or computerized; and

4.      The basis on which the privilege is claimed.


**Burdensome Objections**

If you object to any part of this discovery on the basis of a claim the request is burdensome, please provide the following information to allow Plaintiffs to assess the applicability of the objection:

1.      Identify the number of documents you need to search;

2.      Identify the nature of documents you need to search;

3.      Identify the location of the documents;

4.      Identify the number of hours required to conduct the search; and

5.      Identify the costs required to conduct the search, including the formulation used to calculate the costs.

## **DOCUMENTS REQUESTED FROM CARGILL**

1. Any and all photographs, videos, or movies depicting the accident scene involved in the Subject Incident.

2. Any and all security camera footage showing the accident scene starting two hours before, up through the time of the Subject Incident, and one hour thereafter.

3. Copies of any and all manuals, instructions, warnings, or any other documentation regarding the use and/or installation of the DRAIN GRATE.

4. An employee log of any and all employees from the CARGILL ANIMAL NUTRITION location in Kissimmee, Florida, including their names, respective positions and titles, and length of employment with CARGILL.

5. Any and all maintenance records having anything to do with the PREMISES, including, but not limited to, records of installation or maintenance of equipment,

6. Any and all documentation related to the installation of the DRAIN GRATE, including, but not limited to, when the DRAIN GRATE was installed and by whom.

7. Any and all documentation showing the make, model, price, purchase date, manuals, instructions, or other documents included with the purchase, and any other information pertaining to, the DRAIN GRATE.

8. Any and all insurance policies that may cover the Subject Incident or any other incidents on the PREMISES.

9. A complete incident report with full details, including, but not limited to, date of incident, manner of incident, and any other pertinent information, of any and all incidents reported by, or on behalf, employees at CARGILL.

10. Any and all internal incident reports pertaining to the Subject Incident, produced by, or on behalf of, CARGILL employees.

11. Any and all policies and procedures, training instructions, employee manuals, or other documentation regarding the proper handling of injuries on PREMISES.

12. Any contracts executed between CARGILL and any vendors pertaining to PLAINTIFF's delivery scheduled for June 29, 2020, including any communication, written or otherwise, between the parties related to such delivery.

13. All records related to CARGILL's incoming deliveries scheduled for June 29, 2020.

14. Any and all documentation pertaining to the replacement of the DRAIN GRATE with a new grate, including, but not limited to, documentation of research in choosing the new grate, order summaries, receipts, communication with the manufacturer of the new grate, the make and model of the new grate, and any and all manuals, instructions, or documentation that was included with the new grate.

15. Any and all documentation related to the installation of the new grate, including, but not limited to, when the new grate was installed, and by whom.

16. Any and all photos of both the DRAIN GRATE before, during, and after it was removed, and the new subject grate, before, during, and after it was installed.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically filed and served using the Florida Courts E-Filing Portal on June 24, 2021.

> MANGAL, PLLC
> 310 Almond St., #115
> Clermont, FL 34711
> Phone: (352) 995-9945
> Fax: (407) 232-6960
>
>
> By: _/s/ Avnish K. Mangal_
> **AVNISH K. MANGAL, ESQ.**
> Fla. Bar No. 1004174
> Attorney for Plaintiff
> E-mail: CourtDocs@LawByYourSide.com

IN THE CIRCUIT COURT FOR THE NINTH JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY, FLORIDA
CIVIL DIVISION

CASE NO.: 2021-CA-1620-ON

TIMOTHY BRANNON, an Individual,

     Plaintiff,

vs.

CARGILL, INCORPORATED,
a Delaware Corporation, *et al.*,

     Defendants.

_____/

## CARGILL, INCORPORATED'S *UNOPPOSED* <br> MOTION FOR ENLARGEMENT OF PERIOD TO RESPOND TO COMPLAINT

Defendant Cargill, Incorporated ("Cargill"), pursuant to Rules 1.090 and 1.100 of the Florida Rules of Civil Procedure, hereby seeks a seven-day (7) enlargement of the period within which to answer or otherwise respond to Plaintiff's *Complaint and Demand for Jury Trial* ("*Complaint*").

1.     United was served with original process on June 11, 2021—a Friday—thus resulting in a deadline of July 6, 2021 for it to file and serve an answer or other response to the *Complaint*. *Compare* Fla. R. Civ. P. 1.140(a)-(b) (governing the time period for answering a complaint and making a pre-answer motion), *with* Fla. R. Gen. Prac. & Jud. Admin. 2.514(a)(1) ("When the period [specified in any rule of procedure not stating a method for computing time] is stated in days . . . (A) begin counting from the next day that is not a Saturday, Sunday, or legal holiday; . . . and (C) include the last day of the period, but if the last day is a . . . legal holiday . . . the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday . . . ."), *and* 9th Jud. Cir. Ct. Fla., Ct. Holidays, https://www.ninthcircuit.org/about/court-

holidays (last visited June 28, 2021) (observing Independence Day holiday on Monday, July 5, 2021).

2.      Under Florida Rule of Civil Procedure 1.090, "[w]hen an act is required . . . to be done at or within a specified time . . . by these rules, . . . for cause shown the court at any time in its discretion . . . with or without notice, may order the period enlarged if request thereof is made before the expiration of the period originally prescribed . . . ."  Fla. R. Civ. P. 1.090(b).

3.      Here, because Cargill need not respond to the *Complaint* until July 6, 2021 [*see* ¶ 1, *supra*], the enlargement requested herein is being "made before the expiration of the period originally prescribed" by Florida Rule of Civil Procedure 1.140 for Cargill to file and serve its response.  *See* Fla. R. Civ. P. 1.090(b).

4.      However, "cause" warranting a brief enlargement of that period exists.  *See id.*  Due to the press of other matters—including final preparation for a final, two-week-long arbitration hearing in another state—Cargill seeks a seven-day enlargement of the subject period in order to prepare an adequate response to Plaintiff's *Complaint.*

5.      The undersigned has conferred with counsel for Plaintiff, who advised that Plaintiff would have no objection to the requested enlargement up through and including July 13, 2021.

WHEREFORE, Defendant Cargill, Incorporated respectfully asks that this Court enter an order (a) enlarging the period within which to answer or otherwise respond to Plaintiff's *Complaint* up through and including July 13, 2021; and (b) granting any additional relief deemed appropriate.

Dated: June 30, 2021                    Respectfully submitted,

**AKERMAN LLP**

*/s/  Naim Surgeon, Esq.*
Naim Surgeon, Esq.
Florida Bar No. 101682
naim.surgeon@akerman.com

lauren.chang-williams@akerman.com
The Main Las Olas
201 East Las Olas Boulevard
Suite 1800
Fort Lauderdale, FL 33301
Phone:  (954) 463-2700
Facsimile:  (954) 463-2224

and

*/s/ Ta'Ronce Stowes, Esq.*
Ta'Ronce Stowes, Esq.
Florida Bar No. 107421
taronce.stowes@akerman.com
magda.cabra@akerman.com
The Main Las Olas
201 East Las Olas Boulevard
Suite 1800
Fort Lauderdale, FL 33301
Phone:  (954) 463-2700
Facsimile:  (954) 463-2224

*Attorneys for Defendant Cargill, Incorporated*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of this document has been served via e-mail and/or the Florida Court e-filing Portal, using the names and e-mail addresses provided in accordance with Rule 2.516(b)(1)(A) of the Florida Rules of General Practice and Judicial Administration, on June 30, 2021 upon the following:

AVNISH K. MANGAL, ESQ.
MANGAL, PLLC
310 Almond St., #115
Clermont, FL 34711
E-mail: Team@LawByYourSide.com
Phone: (352) 995-9945
Fax: (407) 232-6960

*/s/  Naim Surgeon, Esq.*
Naim Surgeon, Esq.



**EXHIBIT "C"**

AVNISH K. MANGAL, ESQ.
ATTORNEY AT LAW

* PERSONAL INJURY
* AUTO ACCIDENTS
* PREMISES LIABILITY
* LITIGATION



MANGAL, PLLC
310 ALMOND ST, #115
CLERMONT, FL 34711

PHONE: (352)995-9945
FAX: (407) 232-6960

1/20/2021

**VIA EMAIL TO JENNY_FERNHOLZ@CARGILL.COM**

Cargill Animal Nutrition
1845 Avenue A
Kissimmee, FL 34758
ATTN: Legal Department
C/O: Jenny Fernholz

RE:     My Client:         Mr. Timothy Blake Brannon
        Your Insured:      Cargill Animal Nutrition and/or Cargill, Inc.
        Date of Loss:      6/29/2020

Dear Ms. Fernholz:

As you are aware, our firm represents Mr. Timothy Brannon with regard to injuries sustained in the above referenced incident. Please accept this letter as our formal demand for settlement.

On June 29, 2020, Mr. Brannon was delivering rice meal on the premises of Cargill Animal Nutrition located at 1845 Avenue A, Kissimmee, FL 34758. Mr. Brannon was directed by the plant manager as to where to unload and deliver the rice meal. During this unloading process, Mr. Brannon sustained serious injuries to his person when he fell through a hazardous metal grate embedded in the ground with bars wide enough for someone's leg to slide through. Please see the following pictures:













The injury occurred as follows: Mr. Brannon was unloading the rice meal when he happened upon the hazardous metal grate in the ground. His left leg slid through the grate and he instinctually reached back to catch his weight. As he put out his right arm to catch himself, his entire body weight landed on his right hand while his arm was extended. This, in turn, sent a tremendous force through his right wrist, right elbow, and right shoulder. Mr. Brannon thus suffered severe injuries to his left leg, right wrist, right elbow, and right shoulder.

As a result of the injury, Mr. Brannon was taken to the emergency room via ambulance, where he was primarily treated for the immediate laceration to his left leg. However, Mr. Brannon also kept experiencing significant pain in his right wrist, elbow, and shoulder. He was thus examined by board certified orthopedic and neurologic physicians who, with imaging, were able to determine that he would need injections as well as two significant surgeries to his right arm.

Mr. Brannon received the injections and underwent the surgeries and today is on his way to healing. Please see the enclosed attachments for photos of Mr. Brannon's injuries and photos after the surgeries.



Enclosed, please find the following specials regarding our client:

| Type of Bill | Medical Provider | Total Charges |
|---|---|---|
| Medical Bill | Osceola County Fire Rescue & EMS Headquarters | $681.00 |
| Medical Bill | Osceola Regional Medical Center | $14,406.05 |
| Medical Bill | UF Health The Villages Hospital Freestanding ER | $456.30 |
| Medical Bill | Paragon Emergency Services | $862.20 |
| Medical Bill | Florida Spine & Orthopedics | $1,350.00 |
| Medical Bill | Clermont Radiology | $8,000.00 |
| Medical Bill | Summerfield ER | TBD |
| Medical Bill | Sheridan Emergency Physician Services | $1,967.00 |
| Medical Bill | Radiology Associates of Ocala | $0.00 |
| Medical Bill | Integrity Medical Group | $21,210.85 |
| Medical Bill | Akumin Imaging Center | TBD |
| Medical Bill | Sand Lake Surgery Center | $30,774.00 |
| Medical Bill | Envision Physician Services | TBD |
| | | |
| | **Total:** | **$79,707.40** |

Note: The above figure is not a final number. The total damages in this case may include additional medical bills as they accrue or other damages as they are or were incurred.



## <u>FLORIDA JURY INSTRUCTIONS</u>

Florida Standard Jury Instructions require the jury to consider the following elements of damages in a case such as this:

1.) Any bodily injury and any resulting pain and suffering;
2.) Any disability;
3.) Any disfigurement or scarring;
4.) Any Mental anguish**;**
5.) Loss of capacity for the enjoyment of life;
6.) Any reasonable expenses of medical care and treatment;
7.) Any earnings or working time lost;
8.) Loss of ability to earn money in the future;
9.) Any aggravation of any existing disease or physical defect or aggravation of latent condition (if there is such aggravation and it cannot be determined what portion of the plaintiff's claim resulted from the aggravation, the verdict should reflect an allowance for the entire condition; and
10.) Any loss of services, comfort, society and attentions of a spouse.

The above are damages that should be considered by you; just as they would be considered by a jury in the awarding of damages or the settlement of this case.



## ANTICIPATED FUTURE MEDICAL EXPENSES

Per Mr. Brannon's doctors' recommendations, he will need to undergo additional surgery to his right wrist at some point. It is also anticipated he will require injections in the future. Due to the permanent and continuing nature of our client's injuries, the respective treating physicians have predicted, within all reasonable medical certainty, that future medical care will need to be provided in order to help alleviate pain, as well as to prevent the subject conditions from further deteriorating.

| | |
|---|---|
| **Total Medicals:** | $79,707.40 |
| **Future Medicals:** | $239,122.20 |
| **Loss of Future Earning Capacity** | $135,463.12 |
| **Past Pain and Suffering:** | $159,629.25 |
| **Future Pain and Suffering:** | $411,312.27 |

## Total Estimated Damages:                    $1,025,234.24

## DEMAND AMOUNT: $800,000.00

Accordingly, my client hereby makes a demand of **$800,000.00** for full and final settlement of this claim. This demand will allow you and your insured to settle this claim for less than the actual value. This offer to settle can only be accepted by your tendering **$800,000.00** to our office by **5:00 P.M. on 2/9/2021**.

Your settlement check should be made payable to MANGAL, PLLC F/B/O Mr. Timothy Brannon and mailed directly to our mailing address: 310 Almond St, #115, Clermont, FL 34711. Our Tax ID is 83-2363642.



Please send any correspondence to **MANGAL, PLLC** through any of the following:

| | |
|---|---|
| **\* Email:** | Team@LawByYourSide.com |
| **\* Fax:** | (407) 232-6960 |
| **Mailing Address:** | 310 Almond St, #115 |
| | Clermont, FL 34711 |

*\* Preferred*

If you have any questions, please do not hesitate to contact our office. Thank you for your anticipated cooperation and prompt attention to this matter.

Sincerely,

**MANGAL, PLLC**

Avnish K. Mangal, Esq.
Attorney

AKM
Enclosures



**EXHIBIT "D"**

## Business Record Details »

Minnesota Business Name
### Cargill, Incorporated

**Business Type**
Business Corporation (Foreign)

**File Number**
7673

**Filing Date**
11/23/1936

**Renewal Due Date**
12/31/2021

**Registered Agent(s)**
C T Corporation System Inc

**MN Statute**
303

**Home Jurisdiction**
Delaware

**Status**
Active / In Good Standing

**Registered Office Address**
1010 Dale St N
St Paul, MN 55117–5603
USA

**Chief Executive Officer**
David W MacLennan
15407 McGinty Rd. W
Wayzata, MN 55391
USA

**Comments**
Copies in Drawer

### Filing History

# Filing History

Select the item(s) you would like to order:  [ Order Selected Copies ]

| | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 11/23/1936 | Original Filing - Business Corporation (Foreign) | |
| | 11/23/1936 | Business Corporation (Foreign) Business Name (Business Name: Cargill, Incorporated) | |
| ☐ | 01/08/1937 | Amendment - Business Corporation (Foreign) | |
| ☐ | 05/04/1942 | Amendment - Business Corporation (Foreign) | |
| ☐ | 01/18/1944 | Amendment - Business Corporation (Foreign) | |
| ☐ | 03/06/1947 | Amendment - Business Corporation (Foreign) | |

| | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 03/22/1947 | Amendment - Business Corporation (Foreign) | |
| ☐ | 09/25/1947 | Amendment - Business Corporation (Foreign) | |
| ☐ | 11/13/1947 | Amendment - Business Corporation (Foreign) | |
| ☐ | 12/12/1947 | Amendment - Business Corporation (Foreign) | |
| ☐ | 10/26/1950 | Amendment - Business Corporation (Foreign) | |
| ☐ | 02/02/1954 | Amendment - Business Corporation (Foreign) | |
| ☐ | 09/05/1956 | Amendment - Business Corporation (Foreign) | |
| ☐ | 06/15/1959 | Amendment - Business Corporation (Foreign) | |
| ☐ | 02/21/1962 | Amendment - Business Corporation (Foreign) | |
| ☐ | 01/31/1963 | Merger - Business Corporation (Foreign) | |
| ☐ | 09/24/1963 | Amendment - Business Corporation (Foreign) | |
| ☐ | 10/19/1964 | Amendment - Business Corporation (Foreign) | |
| ☐ | 09/05/1967 | Amendment - Business Corporation (Foreign) | |
| ☐ | 11/07/1967 | Consent to Use of Name - Business Corporation (Foreign) | |
| ☐ | 09/18/1968 | Amendment - Business Corporation (Foreign) | |
| ☐ | 08/22/1969 | Amendment - Business Corporation (Foreign) | |
| ☐ | 06/11/1970 | Amendment - Business Corporation (Foreign) | |
| ☐ | 08/31/1973 | Amendment - Business Corporation (Foreign) | |
| ☐ | 12/26/1974 | Amendment - Business Corporation (Foreign) | |
| ☐ | 02/13/1976 | Amendment - Business Corporation (Foreign) | |
| ☐ | 09/07/1977 | Amendment - Business Corporation (Foreign) | |
| ☐ | 05/21/1981 | Merger - Business Corporation (Foreign) | |
| ☐ | 05/29/1981 | Merger - Business Corporation (Foreign) | |
| ☐ | 06/01/1982 | Amendment - Business Corporation (Foreign) | |
| ☐ | 06/01/1982 | Merger - Business Corporation (Foreign) | |
| ☐ | 06/08/1982 | Merger - Business Corporation (Foreign) | |
| ☐ | 01/03/1986 | Amendment - Business Corporation (Foreign) | |

| | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 02/26/1988 | Registered Office and/or Agent - Business Corporation (Foreign) | |
| ☐ | 05/20/1988 | Merger - Business Corporation (Foreign) | |
| ☐ | 06/12/1991 | Merger - Business Corporation (Foreign) | |
| ☐ | 06/19/1991 | Merger - Business Corporation (Foreign) | |
| ☐ | 09/13/1991 | Merger - Business Corporation (Foreign) | |
| ☐ | 06/22/1994 | Registered Office and/or Agent - Business Corporation (Foreign) | |
| ☐ | 11/07/2000 | Registered Office and/or Agent - Business Corporation (Foreign) | |
| ☐ | 12/27/2000 | Business Corporation (Foreign) Other | |
| | 12/27/2000 | Registered Office and/or Agent - Business Corporation (Foreign) | |
| ☐ | 03/12/2007 | Registered Office and/or Agent - Business Corporation (Foreign) | |
| ☐ | 06/06/2008 | Merger - Business Corporation (Foreign) | |
| ☐ | 06/06/2008 | Merger - Business Corporation (Foreign) | |
| ☐ | 06/01/2009 | Merger - Business Corporation (Foreign) | |
| ☐ | 06/10/2011 | Merger - Business Corporation (Foreign) | |
| ☐ | 06/30/2011 | Merger - Business Corporation (Foreign) | |
| ☐ | 9/16/2016 | Registered Office and/or Agent - Business Corporation (Foreign) | |
| ☐ | 4/30/2019 | Merger Survivor - Business Corporation (Foreign) | |

© 2021 Office of the Minnesota Secretary of State
- Terms & Conditions

The Office of the Secretary of State is an equal opportunity employer

✉ Subscribe for email updates!

https://mblsportal.sos.state.mn.us/Business/SearchDetails?filingGuid=36968378-b4d4-e011-a886-001ec94ffe7f

3/3