Filing # 128133699 E-Filed 06/04/2021 02:20:43 PM

# IN THE CIRCUIT COURT FOR THE NINTH JUDICIAL CIRCUIT
# IN AND FOR OSCEOLA COUNTY, FLORIDA
# CIVIL DIVISION

| | |
|---|---|
| TIMOTHY BRANNON, an Individual, ) | |
| ) | No. _____ |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | |
| CARGILL, INCORPORATED, a Delaware ) | |
| Corporation and JOHN DOE, an Individual and ) | |
| Agent of CARGILL, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TIMOTHY BRANNON ("PLAINTIFF"), by and through the undersigned attorney, sues Defendants CARGILL, INCORPORATED ("CARGILL") and JOHN DOE ("MR. DOE") (together, "DEFENDANTS"), demands a trial by jury, and complains as follows:

### GENERAL ALLEGATIONS

1. PLAINTIFF is an individual residing at 20891 Southeast 155th Street, Umatilla, FL 32784, in Lake County, Florida.

2. CARGILL is a corporation organized and existing under the laws of the State of Delaware, having its registered office at CT Corporation System, 1200 S. Pine Island Road, Plantation, FL 33324, in Broward County, Florida, and having an office for the transaction of customary business at 1845 Ave A, Kissimmee, FL 34758, in Osceola County, Florida.

3. MR. DOE is an individual believed to be residing in the State of Florida. The true name of MR. DOE is unknown to PLAINTIFF, who therefore sues such defendant by such fictitious name, and will amend this complaint to show his true name and capacity when ascertained. PLAINTIFF is informed and believes and thereon alleges that:

    a. MR. DOE is negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages to PLAINTIFF as herein alleged; and

    b. MR. DOE was an agent of CARGILL and, in doing the things alleged in this complaint, was acting in the scope of such agency and with the permission and consent of CARGILL.

4. This is an action for damages in excess of $30,000.00 and is within the jurisdiction of this court.

## FACTUAL ALLEGATIONS

5. On or about June 29, 2020, PLAINTIFF entered the premises known and described as Cargill Animal Nutrition, 1845 Ave A, Kissimmee, FL 34758 (the "PREMISES").

6. PLAINTIFF was a delivery driver and his entry onto the PREMISES at that date and time was occasioned by PLAINTIFF delivering rice meal to CARGILL.

7. At all times material to this litigation, CARGILL was in full possession and complete control of the PREMISES, in that CARGILL was the owner and only occupant of the PREMISES.

8. While a business invitee on CARGILL's property, PLAINTIFF was seriously and permanently injured as a direct result of CARGILL's negligence and lack of due care, in that

CARGILL kept a hazardous and defective metal drain grate (the "DRAIN GRATE") on their grounds that posed serious risk of injury to invitees. More specifically, PLAINTIFF suffered severe injury to legs, back, torso, and arms as a result of falling through the DRAIN GRATE as it was installed on CARGILL's property. The DRAIN GRATE was obscured from view and was designed in such a way that an adult male's entire leg could slip through the grate, shearing the person's leg in the process and causing severe trauma to the individual. See pictures attached as Composite Exhibit "A" which depict the defect as it appeared.

## COUNT I – PREMISES LIABILITY/NEGLIGENCE AGAINST CARGILL

9. PLAINTIFF realleges paragraphs 1 through 8 above as if reinstated verbatim herein.

10. PLAINTIFF's injuries and consequent damages were the direct and proximate result of CARGILL's negligent maintenance of the PREMISES so as to create a hidden danger by installing the defective and dangerous DRAIN GRATE on the PREMISES that presented risk of invitees falling through, and by the arrangement of such DRAIN GRATE on the PREMISES so as to obscure the DRAIN GRATE from the view of a person observing the PREMISES in a normal manner; and negligent failure to warn PLAINTIFF of a hidden danger of which CARGILL knew, or should have known, but which was hidden from PLAINTIFF.

11. As a further direct and proximate result of CARGILL's negligence and want of due and reasonable care, PLAINTIFF has incurred expenses, fees, and costs of medical care and attention to his injuries, including physician's fees; medications and medical supplies; hospitalization; transportation costs to and from various physician's offices and the hospital; and nursing services.

12. As a further direct and proximate result of CARGILL's negligence and lack of due and reasonable care, PLAINTIFF has suffered great physical and mental pain, and will continue to suffer such pain for the indefinite future, for which PLAINTIFF should also be compensated by CARGILL.

## COUNT II – NEGLIGENCE AGAINST MR. DOE

13. PLAINTIFF realleges paragraphs 1 through 8 above as if reinstated verbatim herein.

14. PLAINTIFF's injuries and consequent damages were the direct and proximate result of MR. DOE's negligent maintenance and/or management of the PREMISES so as to create a hidden danger by allowing the installation and continued use of the defective and dangerous DRAIN GRATE on the PREMISES that presented risk of invitees falling through, and by the arrangement of such DRAIN GRATE on the PREMISES so as to obscure the DRAIN GRATE from the view of a person observing the PREMISES in a normal manner; and negligent failure to warn PLAINTIFF of a hidden danger of which MR. DOE knew, or should have known, but which was hidden from PLAINTIFF.

15. As a further direct and proximate result of MR. DOE's negligence and want of due and reasonable care, PLAINTIFF has incurred expenses, fees, and costs of medical care and attention to his injuries, including physician's fees; medications and medical supplies; hospitalization; transportation costs to and from various physician's offices and the hospital; and nursing services.

16. As a further direct and proximate result of MR. DOE's negligence and lack of due and reasonable care, PLAINTIFF has suffered great physical and mental pain, and will continue

to suffer such pain for the indefinite future, for which PLAINTIFF should also be compensated by MR. DOE.

## JURY DEMAND

WHEREFORE, PLAINTIFF demands a trial by jury and a judgment against DEFENDANTS for a sum within the jurisdictional limits of this Court, including but not limited to, damages, costs, prejudgment interest for any out-of-pocket expenses made by PLAINTIFF prior to entry of judgment, and any other relief this court deems appropriate against DEFENDANTS.

E-filed and dated June 4, 2021.

MANGAL, PLLC
310 Almond St., #115
Clermont, Florida 34711
Phone: (352) 995-9945
Fax: (407) 232-6960

By: /s/ Avnish K. Mangal
AVNISH K. MANGAL, ESQ.
Fla. Bar No. 1004174
Attorney for PLAINTIFF
E-mail: Team@LawByYourSide.com

## COMPOSITE EXHIBIT "A"







IN THE COUNTY/CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT, IN AND FOR ORANGE AND OSCEOLA COUNTY, FLORIDA

IN RE: CIVIL CASE MANAGEMENT
PLAN AND ORDER

_____/

## STANDING CASE MANAGEMENT PLAN/ORDER
(General Track)

**PURSUANT TO** *In re: Comprehensive COVID-19 Emergency Measures for Florida Trial Courts*, Fla. Admin. Order No. AOSC20-23 (Amendment 12) (April 13, 2021), and Ninth Judicial Circuit Court Administrative Order No. 2021-04 (collectively the "Case Management Administrative Orders"), this case is before the Court for case management. Based on the case type of the initial filing in this case, the Case Management Administrative Orders, and pursuant to Rule 2.545, Fla. R. Gen. Prac. & Jud. Admin., the Court hereby establishes a case management plan. It is hereby

**ORDERED** that:

1. **COMPLIANCE WITH THIS CASE MANAGEMENT PLAN/ORDER:** The parties shall strictly comply with the terms of this Case Management Plan/Order, unless otherwise ordered by the Court. FAILURE TO COMPLY WITH ALL REQUIREMENTS OF THIS ORDER WILL RESULT IN THE IMPOSITION OF SANCTIONS. If the parties believe that an alternate plan is required or more appropriate, then the parties shall meet, confer and agree on a plan that complies with the time standards set forth in Rule 2.250, Fla. R. Gen. Prac. & Jud. Admin. The parties may submit an agreed upon plan to the division judge for consideration, or set the matter for a case management conference.

2. **ADDITIONAL NINTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:** All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the following: (i) **Amended Administrative Order Establishing the Ninth Judicial Circuit Court Circuit Civil Court Guidelines (AO 2012-03-01)**; (ii) **Amended Administrative Order Establishing the Ninth Judicial Circuit Courtroom Decorum Policy (AO 2003-07-02)** (iii) **Amended Administrative Order Establishing the Ninth Judicial Circuit Court County Civil Court Guidelines, Orange County (AO2017-04-01)** and (iv) **any division-specific guidelines that may be applicable**.

3. **MODIFICATION OF THIS ORDER:** The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion/stipulation and Court order in accordance with applicable law.

4. **SERVICE OF THIS ORDER WITH INITIAL PROCESS:** Pursuant to the Case Management Orders, the Plaintiff shall file a copy of this Order in the case. Any party serving an initial pleading (complaint, third-party complaint, etc.) in this case shall serve a copy of this Order together with initial service of process.

## CASE MANAGEMENT PLAN – GENERAL TRACK

*Note: All dates are to be calculated from the date of filing of the initial complaint unless otherwise noted.*

| | |
|---|---|
| Deadline for Service of Process: | 120 days |
| Deadline for Service of Process extended if not accomplished within 120 days: | 150 days, failing same, all unserved defendants are dismissed without prejudice |
| Deadline for Leave to Add Parties and Amend Pleadings: | Motions must be set for hearing and heard within 90 days from service on the last defendant, or deemed abandoned and denied |
| Motions to Dismiss, Motions for More Definite Statement, Motions to Strike and any objections to the pleadings: | Must be set for hearing and heard within 60 days from filing of the motion/objection, or deemed abandoned and denied. Non-movant shall timely submit a proposed order in the event the motion/objection is deemed abandoned and denied |
| Deadline for Completion of Fact and Expert Discovery: | 450 days (additional disclosure and discovery deadlines will be established by the Uniform Order Setting Pre-Trial and Trial in the case) |
| Pre-trial Motions, including Dispositive and *Daubert* Motions | Must be filed no later than 15 days after completion of discovery and heard no later than 7 days prior to the pre-trial conference, or deemed abandoned and denied |
| Mediation/Alternative Dispute Resolution | Within 30 days after completion of the depositions of all parties, counsel shall meet and confer regarding whether an early mediation would be productive to resolution of certain issues or the entire case. A final mediation shall occur no later than 30 days after completion of all discovery |

| Approximate Pre-Trial Conference: | 17 months<br>*Actual Date to be set by Trial Order* |
|---|---|
| Approximate Trial Date: | 18 months<br>*Actual date to be set by Trial Order* |

5. **NOTICES FOR TRIAL:** Within ten (10) days of the case being at issue as defined by Rule 1.440, Fla. R. Civ. P., the Plaintiff shall confer with opposing counsel/party regarding the anticipated length of trial and file a Notice for Trial. The Plaintiff shall forward a copy of the Notice for Trial to the Judicial Assistant at the Division email address noted on the Ninth Circuit website.

6. **DISCOVERY:** All counsel and unrepresented parties shall familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without court intervention whenever possible.

7. **SETTLEMENT:** *The case will not be removed from the docket until all documents necessary for closure of the case are filed with the Clerk and notification has been provided to the judicial assistant. A notice of settlement is not sufficient to remove the case from the trial docket.*

**DONE AND ORDERED** in Orange/Osceola County, Florida.

_____
Chief Judge

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator in your county at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**ORANGE COUNTY:** Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303

**OSCEOLA COUNTY:** Court Administration, Osceola County Courthouse, 2 Courthouse Square, Suite 6300, Kissimmee, Florida, (407) 742-2417

REV 04/29/2021